UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NEIL ROBERSON,

                Petitioner,

    v.

KARIN ARNOLD,

                Respondent.

CASE NO. 2:25-cv-00721-MJP-DWC

REPORT AND RECOMMENDATION

Noting Date: May 8, 2025

       The District Court has referred this federal habeas action to United States Magistrate Judge David W. Christel. Petitioner Neil Roberson, proceeding *pro se*, initiated this action on April 18, 2025, by filing a motion to proceed *in forma pauperis* (Dkt. 1), a proposed federal habeas petition pursuant to 28 U.S.C. § 2241 (Dkt. 1-1), and other proposed motions and requests (Dkts. 1-6, 1-7, 1-8, 1-10, 1-11, 1-12, 1-14, 1-15, 1-16, 1-17, 1-18, 1-19).

       Upon review, the undersigned recommends the proposed petition and this action be dismissed without prejudice as it is duplicative of another federal habeas action currently pending in this Court. It is further recommended Petitioner's IFP motion (Dkt. 1) and all other proposed motions and requests (Dkts. 1-6, 1-7, 1-8, 1-10, 1-11, 1-12, 1-14, 1-15, 1-16, 1-17, 1-18, 1-19) be denied as moot.

REPORT AND RECOMMENDATION - 1

## I. DISCUSSION

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Adams*, 487 F.3d at 688. Thus, a district court may dismiss an action that is clearly duplicative of a pending, earlier-filed action. *See e.g., Diaz v. Frauenheim*, No. 5:19-cv-01441-PA (GJS), 2020 WL 730849, at *3 (C.D. Cal. Feb. 12, 2020).

In his proposed petition, Petitioner seeks to challenge a state court conviction and sentence of confinement entered in *State of Washington v. Neil James Roberson*, Superior Court of Washington for Skagit County Case No. 18-1-00907-29. Dkt. 1-1 at 2. Several months before he filed this action, Petitioner filed a separate federal habeas action challenging the same underlying state court conviction. *See Roberson v. Speer*, Case No. 2:24-cv-02030-RAJ (filed Dec. 10, 2024).

Currently pending in Petitioner's earlier-filed action is a recommendation the action be dismissed for, among other reasons, failure to exhaust state court remedies as required by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(b)–(c). *Id.* at Dkt. 28 at 4–5. As AEDPA's statutory exhaustion requirement does not apply to § 2241 petitions, Petitioner's filing of this action as a purported § 2241 petition could be viewed as an attempt to circumvent AEDPA's requirements for § 2254 petitions and the Court's recommendation of dismissal in his earlier-filed action. *See id.* at Dkt. 28 at 4 (noting that "Petitioner seems

REPORT AND RECOMMENDATION - 2

determined to pursue this action under § 2241, which he simply may not do.").[1] However, if Petitioner believes he has properly-exhausted habeas claims to present to this Court or that he should be permitted to proceed under 28 U.S.C. § 2241, the proper avenue for disputing this outcome is by filing objections to the pending Report and Recommendation in his earlier-filed action—not by seeking a different outcome in a new and duplicative action.

On balance, the undersigned finds the equities support dismissal of this later-filed, duplicative habeas action.

## II.  CONCLUSION

Accordingly, the undersigned recommends this action be dismissed without prejudice. It is further recommended Petitioner's IFP motion (Dkt. 1) and his other proposed motions and requests (Dkts. 1-6, 1-7, 1-8, 1-10, 1-11, 1-12, 1-14, 1-15, 1-16, 1-17, 1-18, 1-19) be denied as moot. Finally, a certificate of appealability should be denied in this case.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may

---

[1] Indeed, Petitioner has filed an additional six habeas petitions under 28 U.S.C. § 2241 since February 2024, and all of these purported § 2241 petitions were construed as § 2254 petitions and dismissed for failure to exhaust. *See Roberson v. Bennett*, 2:24-cv-0241-JCC (filed Feb. 22, 2024); *Roberson v. Verge*, 2:24-cv-01130-JCC (filed Jul. 25, 2024); *Roberson v. Bennett*, 2:24-cv-01198-TL (filed Aug. 6, 2024); *Roberson v. Speer*, 2:24-cv-01992-RAJ (filed Dec. 4, 2024); *Roberson v. Speer*, 2:24-cv-01993-RAJ (filed Dec. 4, 2024); *Roberson v. Speer*, 2:24-cv-02102-KKE (filed Dec. 18, 2024). Further, in more than one of these actions, the Court has observed that:

> Petitioner's recent litigation activities border on abusive. Petitioner has been repeatedly told that his challenges to his state court judgment must be brought under § 2254, and that his claims must be properly exhausted in the state courts. Despite these advisements, Petitioner has peppered the Court with petitions filed under the wrong statute and without demonstrating that he has made any effort to properly exhaust his claims in the state courts. Petitioner's litigation strategy does not reflect a genuine interest in obtaining relief from his Skagit County judgment and sentence, but suggests instead a desire to monopolize limited Court and Department of Corrections resources and to disrupt the ordinary processes through which incarcerated individuals are entitled to pursue relief from unconstitutional convictions and/or unconstitutional conditions of confinement.

*Roberson*, 2:24-cv-01992-RAJ, at Dkt. 4 at 2–3; *see also Roberson*, 2:24-cv-01992-RAJ, at Dkt. 4 at 3.

REPORT AND RECOMMENDATION - 3

affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 8, 2025**.

Dated this 23rd day of April, 2025.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4